**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40565**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 584 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MITCHELL CLIFFORD ASH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and requiring execution of unified sentence of three and one-half years, with one and one-half years determinate, for felony operating a motor vehicle while under the influence of alcohol, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Mitchell Clifford Ash pled guilty to felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(5). The district court imposed a unified sentence of three and one-half years, with one and one-half years determinate, but suspended the sentence and placed Ash on probation. Subsequently, Ash admitted to violating several terms of his probation, but the district court continued Ash's probation with the additional condition that Ash complete mental health court.

The district court later found that Ash violated his probation by being terminated from mental health court. However, the district court continued Ash's probation, again requiring Ash

1

to complete mental health court as a condition of probation. Subsequently, Ash was again terminated from mental health court, a violation of his probation. The district court revoked Ash's probation, but retained jurisdiction. Upon review of Ash's period of retained jurisdiction, the district court suspended Ash's sentence and placed Ash back on probation.

Once again, Ash violated terms of his probation. The district court revoked Ash's probation, but retained jurisdiction for a second time. Ash thereafter filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. After Ash's period of retained jurisdiction, the district court suspended Ash's sentence and placed Ash on probation for the fifth time. Yet again, Ash violated terms of his probation. Consequently, the district court revoked probation and executed Ash's sentence without reduction.

After filing this appeal, and before assignment to this Court, Ash filed a motion to augment the record with several additional transcripts. The State objected and the Idaho Supreme Court entered an order denying Ash's motion. Ash then filed a renewed motion to augment the record with the requested transcripts, which the State objected to. The Idaho Supreme Court again entered an order denying Ash's motion.

On appeal Ash argues that the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel by denying his motions to augment the record. Ash also contends that the district court abused its discretion by revoking probation and executing his sentence without reduction.

A.      **Denial of Motions to Augment Record**

Ash asks this Court to hold that the Idaho Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when it denied his motions to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our

2

responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id*. Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Ash has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Ash asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motions.

We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion. Ash had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motions. He has no right to appeal those denials to the Idaho Court of Appeals, and we have no authority to consider such an appeal. Therefore, we will not address Ash's attempt to distinguish his case from *Morgan*, based on his appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motions to augment.

## B. Revocation of Probation and Review of Sentence

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a

probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues that are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Assuming Ash can challenge the district court's failure to sua sponte reduce his sentence, we also conclude that the district court did not err in ordering execution of Ash's underlying sentence without reduction. Therefore, the order revoking probation and executing Ash's underlying sentence is affirmed.

4